UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,              ) | |
|                                         ) | 3:07-CR-0100-LRH-RAM |
| Plaintiff,       ) | |
|                                         ) | |
| v.                                      ) | ORDER |
|                                         ) | |
| BRADFORD HINES,                         ) | |
|                                         ) | |
| Defendant.     ) | |

      Before the court is defendant Bradford Hines' ("Hines") motion to reconsider the court's order denying his motion for production of documents (Doc. #54[1]). Doc. #55.

      On December 7, 2015, Hines filed a motion for production of documents seeking the production of various documents held by the Federal Public Defender's Office and the United States Attorney's Office as well as the return of certain personal property. *See* Doc. #52. On February 4, 2016, the court denied Hines' motion finding that the requested documents and property did not relate to Hines' criminal matter, but was instead related to a more personal matter between Hines and his counsel. *See* Doc. #54. Thereafter, Hines filed the present motion for reconsideration. Doc. #55.

      A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945

---

[1] Refers to the Court's docket number.

(9th Cir. 2003). As such, a motion for reconsideration should not be granted absent newly discovered evidence, an indication that the court committed clear error, or an intervening change in the controlling law. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

In his motion for reconsideration, Hines simply reargues that he needs the documents and property so that he can pursue various actions against his former counsel and other post-conviction relief. *See* Doc. #55. The court has reviewed Hines' motion for reconsideration and finds that Hines has failed to present any newly discovered evidence, an intervening change of controlling law, or any clear error by the court that would warrant reconsideration of the court's prior order denying his motion for production of documents. Further, Hines offers nothing new to the court's analysis, other than his dissatisfaction with the court's conclusion. Therefore, the court finds that Hines fails to meet his burden under a motion for reconsideration and the court shall deny the motion accordingly.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration (Doc. #55) is DENIED.

IT IS SO ORDERED.

DATED this 28th day of March, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE